# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. DEMOS, Jr.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES, et al.,<br><br>Respondents. | NO. CV 15-5538-DMG (AGR)<br><br>ORDER RE DISMISSAL |

On June 9, 1978, Petitioner was convicted of first degree burglary and first degree attempted rape in Seattle, Washington. (Petition at 2.) He was sentenced to life in prison. (*Id.*)

On August 4, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 in this court. Petitioner is incarcerated at the Washington State Penitentiary.

A district court has jurisdiction of a writ of habeas corpus if the petitioner was convicted in the same state as the district court or if the petitioner is in custody in the same state as the district court. 28 U.S.C. § 2241(d).

Petitioner's places of incarceration and of conviction are in the State of Washington. Accordingly, pursuant to 28 U.S.C. § 2241(d), the Court DISMISSES the petition without prejudice for lack of jurisdiction.[1]

DATED: September 11, 2015

_____
DOLLY M. GEE
United States District Judge

---

[1] The usual practice in a habeas case filed in the wrong district is to transfer the case to the correct district. See 28 U.S.C. 2241(d).
In *Demos v. U.S. Dist. Court for Eastern Dist. of Washington*, 925 F.2d 1160 (9th Cir. 1991), the court noted that Petitioner "is a prolific litigant" in the Eastern and Western Districts of Washington. The court found that "all of the petitions [filed in those courts] have been legally frivolous." *Id.* at 1161. The court also noted that both districts "have entered standing orders against Demos, under which he must comply with certain prerequisites before being permitted to file actions in forma pauperis." *Id.* The Ninth Circuit barred Petitioner from "filing . . . any new petitions [in the Ninth Circuit] seeking extraordinary writs . . . directed at the [two Washington districts]." *Id.*
Petitioner has attempted to avoid the restrictions he is under in Washington and the Ninth Circuit by filing elsewhere. *See, e.g., Demos v. U.S. Secretary of Defense*, 2013 WL 274767 at *1 (E.D. Ark. Jan. 7, 2013) ("Petitioner's filing is a flagrant attempt to circumvent his restricted filer states in other jurisdictions."); *Demos v. Glebe*, 2010 WL 123532 (N.D. Okla. March 22, 2010) (noting that Plaintiff has filed over a hundred successive habeas cases throughout the country attacking his Washington state convictions).
Accordingly, it would be inappropriate to transfer this action to Washington.

2